**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLINTON K. THOMPSON,

    Plaintiff-Appellant,

v.

TED LIMKE; EDWIN KIMMEL,

    Defendants-Appellees.

No. 96-6368
(D.C. No. 95-CV-1718)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The only question for our determination in this appeal is whether the district court erred when it found plaintiff's complaint frivolous and awarded attorney fees to the defendants in accordance with 42 U.S.C. § 1988(b). Mr. Thompson does not challenge the amount of fees awarded, but contends his case was not frivolous and urges us to reverse the award. We conclude the district court did not err in its holding and affirm its judgment.

The facts of this case are well-known to the parties and do not bear lengthy reiteration. Simply stated, Mr. Thompson filed an action against defendants under 42 U.S.C. § 1983 alleging violation of his Fourth and Fourteenth Amendment rights. Mr. Thompson contended his arrest, stemming from an arrangement with a colleague to receive credit for hours he did not work at his part-time job, was unlawful because (1) it was not supported by probable cause -- that is, defendants knew or should have known he violated no law of the state of Oklahoma, and (2) defendants failed in their duty to conduct a proper investigation and, as a result, submitted misleading information to the prosecutor that caused him to file state criminal charges against the plaintiff. Mr. Thompson did not allege the specific facts defendants presented to the prosecutor were false, but argued a more thorough investigation would have uncovered information to clarify and contextualize the facts known to defendants.

The district court concluded the undisputed facts supported a determination of probable cause and granted defendants qualified immunity. In that portion of the appeal,

we agreed summarily with the district court's holding and with the analysis which accompanied it.

The question here is whether the complaint was frivolous, subjecting plaintiff to fees under § 1988(b). *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Lack of success does not render a complaint frivolous, *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995), and only in rare circumstances is a lawsuit so lacking in substance as to warrant the imposition of an award of attorney fees. *Clajon Production Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995). The district court, terming plaintiff's lawsuit "baseless from the outset," concluded the action merited such an imposition, pointing out plaintiff had presented no evidence to establish defendants acted without probable cause.

Under the test imposed by the Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), fees are appropriately granted under § 1988 when an action is "frivolous, unreasonable, or without foundation." A frivolous action is one in which the legal points are not arguable on the merits. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)); *Crabtree v. Muchmore*, 904 F.2d 1475, 1477-79 (10th Cir. 1990). We must therefore examine the theories upon which Mr. Thompson based his case.

An action for false arrest in the context of § 1983 is governed by Fourth Amendment standards premised upon the concept of probable cause. *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). Thus, any Fourth Amendment seizure

relating to an arrest is constitutionally lawful if the officer making the arrest has probable cause. *Id*. Furthermore, where probable cause exists, the subjective intent of the officer in effectuating an arrest is irrelevant. *Malley v. Briggs*, 475 U.S. 335, 431 (1986). Mr. Thompson's success in this litigation, then, turned on his ability to prove either that the defendants acted without probable cause or that they purposefully concealed and misrepresented material facts to the district attorney which may have influenced his decision to prosecute. *See Robinson v. Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990). Because Mr. Thompson did not make the latter claim in his complaint, he can rely only upon the former to support his action for false arrest.

In the district court and here on appeal, Mr. Thompson's central contention is that defendants failed to investigate facts that would have demonstrated he could not be prosecuted for the offenses charged. First, Mr. Thompson argues further investigation would have revealed his part-time status was as independent contractor, not employee, which precluded him from being charged under Okla. Stat. Ann. tit. 21, § 1590, entitled "Officer or employee of corporation making false entries." He cites no authority for this proposition, however, and there is no indication from either the statute or case law whether the term "employee" embraces independent contractors.

Next, Mr. Thompson maintains defendants should have known he could not be charged with obtaining money under false pretenses in violation of Okla. Stat. Ann. tit. 21, § 1541.1, because that offense requires proof of intent, and defendants knew Mr.

Thompson believed the arrangement with his colleague was permissible. That argument is unpersuasive since the officers did have uncontroverted evidence that Mr. Thompson accepted money from his part-time employer for hours he did not in fact work.

Furthermore, even if Mr. Thompson's claim that defendants conducted an inadequate investigation were true, the failure amounted to simple negligence and did not rise to the level of purposeful concealment or misrepresentation of material facts. Indeed, Mr. Thompson was unable to show that defendants did anything more than present to the district attorney all of the evidence in their possession.

One other factor was not raised by either party. A police officer is generally shielded from § 1983 liability for furnishing information upon which a state prosecutor relies in determining whether to file criminal charges. It is, after all, a prosecutor's decision, not a police officer's, to proceed with a criminal action. *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). Even if a wrongful arrest sets a series of events in motion, an indictment or some independent prosecutorial act will usually break the chain of causation. *Id*. An exception arises when the chain is broken by an officer who purposefully conceals or misrepresents material facts to the district attorney which may have influenced the decision to prosecute. *Robinson v. Maruffi*, 895 F.2d at 655. Here, Mr. Thompson has not alleged the defendants purposefully concealed or misrepresented material facts to the district attorney; there is, accordingly, no reason to invoke the exception to the general rule of immunity. Indeed, the record suggests the

ultimate determination of probable cause was made independently by the prosecutor, and that decision resulted in the charges which form the basis of Mr. Thompson's lawsuit.

Defendants have moved for the imposition of fees for the costs involved in the defense of this appeal. It would be aberrational to affirm the allowance of fees in the district court and deny them on appeal. What constitutes a reasonable fee, however, is a factual question properly resolved by the district court on remand. We urge the court to carefully examine the fees already awarded in determining appropriate fees for the appeal. Mr. Thompson's failure to object to the amount of fees imposed by the district court precludes this court from assessing the reasonableness of that award. Given the ultimate simplicity of this case, however, it strikes us that defendants' counsel cannot justify the expenditure of a great deal of time or effort in the representation of his clients.

It is therefore **ORDERED** the motion for attorney fees on appeal is **GRANTED** and the cause **REMANDED** for determination of a reasonable fee. The judgment of the district court is otherwise **AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge